

IT IS ORDERED

Date Entered on Docket: September 28, 2018

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

DAVID SALCE TERAN                        Case No.  7-18-11893-TF

        Debtor.

### DEFAULT ORDER GRANTING PENNYMAC LOAN SERVICES, LLC RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO PENNYMAC LOAN SERVICES, LLC LOCATED AT 16 ROAD 3775 FARMINGTON, NEW MEXICO 87401

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to PennyMac Loan Services, LLC, filed on August 20, 2018, (DOC 10) (the "Motion") by PennyMac Loan Services, LLC ("PennyMac").  The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On August 20, 2018, PennyMac served the Motion and a notice of the Motion (the "Notice") on Kemp S Lewis, Attorney for Debtor and Edward Alexander Mazel, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) David Salce Teran, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 16 Road 3775 Farmington, New Mexico 87401, more fully described as:

> Lot 20, of the MORNINGSTAR SUBDIVISION, San Juan County, New Mexico, as shown on Plat of said Subdivision filed for record April 25, 1980.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 13, 2018;

(f) As of September 24, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for PennyMac certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), PennyMac and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such

as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

    (b)  To exercise any other right or remedy available to it under law or equity with respect to the Property.

  2.  The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, PennyMac need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

  3.  The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

  4.  This Order does not waive PennyMac's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. PennyMac may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

  5.  This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

  6.  This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

  7.  PennyMac is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

5613-148-FBB 6645782.docx mdb  3
Case 18-11893-t7    Doc 14    Filed 09/28/18    Entered 09/28/18 13:20:01 Page 3 of 4

RESPECTFULLY SUBMITTED:
ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for PennyMac
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

David Salce Teran
Debtor
19 road 3934
Farmington, NM 87401

Kemp S Lewis
Attorney for Debtor
3005 Northridge Dr Ste H
Farmington, NM 87401-2085
Telephone: 505-326-7391
kemp@lewislawpc.com


Edward Alexander Mazel
Chapter 7 Trustee
1122 Central Ave. S.W. Suite 1
Albuquerque, NM 87102
Telephone: (505) 433-3097